14-1939
*United States v. Nyenekor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
          PETER W. HALL,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

        -v.-                              No. 14-1939

CARPEAH R. NYENEKOR, SR.,

                    *Defendant-Appellant*.

---

1

For Appellee:                          Scott Hartman, Margaret Garnett, Assistant
                                       United States Attorneys, *for* Preet Bharara,
                                       United States Attorney for the Southern
                                       District of New York, New York, NY.


For Defendant-Appellant:               Ryan Thomas Truskoski, Harwinton, CT.


Appeal from the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order is **AFFIRMED**.

Defendant-Appellant Carpeah R. Nyenekor, Sr., appeals from an order entered on May 28, 2014, in the United States District Court for the Southern District of New York, finding that Nyenekor was suffering from a mental disease or defect that rendered him mentally incompetent to assist in his defense and, thus, incompetent to stand trial.

To be considered competent, a defendant must have "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him." *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (internal quotation marks omitted). In making a competency determination, the

2

district court may rely on medical opinions, its observation of the defendant's behavior, and other factors.  *See id.* at 411.

We review a district court's competency determination for clear error.  *See United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998).  We identify no clear error here.  The district court's determination was based on (1) the report and testimony of a staff psychologist at the Metropolitan Correction Center who had interviewed Nyenekor on several occasions and had concluded that he was unable to assist in his own defense; (2) the report of a forensic psychologist identified by Nyenekor, who concluded that Nyenekor was mentally impaired, although, in that doctor's opinion, competent to stand trial; (3) Nyenekor's own testimony at the competency hearing; and (4) the court's observation of Nyenekor at the competency hearing and in other proceedings.  This evidence supported the district court's finding that Nyenekor lacked the ability to "consult with his lawyer with a reasonable degree of rational understanding" and a "rational . . . understanding of the proceedings against him."  *Nichols*, 56 F.3d at 410.

We have considered all of Nyenekor's arguments, including those raised in his pro se brief, and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk